CHICKASAWBA RAILROAD COMPANY *v.* CRIGGER.

Opinion delivered July 1, 1907.

CONTRACT—AGREEMENT TO BUILD DEPOT—LIQUIDATED DAMAGES.—Where an agreement between a landowner and a railroad company recited the conveyance of land to the railroad company in consideration that the grantee should within a specified time build its depot upon the land and thereafter should transact its business for an adjoining town at such depot, and that if it failed to do so it should pay to the grantor $600, the amount specified constituted liquidated damages, and may be recovered by the grantor if the grantee fails either to build the depot within the specified time or to transact its businss thereat.

Appeal from Mississippi Circuit Court; *N. F. Lamb,* Special Judge; affirmed.

On August 10, 1904, Mrs. Lizzie Crigger sued the Chickasawba Railroad Company, alleging that she conveyed to it a strip of land 100 feet wide through a certain quarter section of land; that defendant, in consideration of said conveyance, agreed to erect a depot building thereon; that said depot was to be erected on or before March 1, 1904, and the usual business of defendant was to be transacted there; that it is stipulated that the value of the property conveyed should be fixed at $600, and that if defendant failed to comply with its agreement it should pay plaintiff that sum; and that defendant failed to erect the depot within the time agreed. Wherefore she prayed for judgment for $600 with interest at 6 per cent. from date until paid.

Defendant admitted that the depot was not erected before March 1, 1904, but alleged that the delay was owing to the overflowed condition of the Mississippi River; that the depot was built within a reasonable time thereafter; that the sum of $600 was intended as a penalty, and not as liquidated damages.

The agreement between the parties was as follows:

"This agreement, this day made and entered into, by and between Mrs. Lizzie Crigger, to be hereinafter known as the first party, and the Chickasawba Railroad Company, a corporation, to be hereinafter known as the second party:

"Witnesseth that, for and in consideration of the premises to be hereinafter recited, the party of the first part hereby grants, bargains, sells and conveys to the second party a strip of land 100 feet wide through the southeast quarter of the southwest quarter of section 24, township 15 north, range 12 east, in Mississippi County, Arkansas, the same being a strip of land 50 feet wide on each side of the center of the track of the Chickasawba Railroad, where the same is now located over and across said land. As in consideration of the conveyance to it by the first party of the said right-of-way above described, the second party shall use the same for railroad purposes, and maintain and operate upon said right-of-way so conveyed a depot building of the kind now under construction by the J., L. C. & E. R. Co., in the town of Blytheville, provided that said depot may be less in length than the said Blytheville depot, at the option of the said second party. The said second party further agrees to erect the said depot on said right-of-way on or before the 1st day of March, 1904, and to transact its said business usually transacted in its depot for the town of Barfield, Mississippi County, at said depot. To have and to hold unto the said second party, its successors and assigns, as long as the said second party shall use the same for railroad purposes and maintain and operate its depot thereon as above specified. It is further agreed and stipulated by the parties hereto that the value of the property herein conveyed for the purpose of this agreement and at the date of this instrument is $600, which amount the said second party agrees to pay the said first party if it fails to comply with this agreement. The said first party, for and in consideration of the foregoing premises, hereby agrees to war-

rant and defend the title to the land herein conveyed against all lawful claims whatever.

"Signed in duplicate, this 29th day of December, 1903.

"MRS. LIZZIE CRIGGER."

The evidence of plaintiff's husband tended to prove that the defendant failed to build the depot until after the suit was begun, and that seventy-five per cent. of its business was transacted at another depot which defendant erected half a mile beyond the plaintiff's land.

The court instructed the jury to return a verdict for the plaintiff for the amount for which she sued, and refused to give an instruction to the effect that plaintiff, to recover, must show actual loss, and that the condition in the contract sued on was a penalty, and not liquidated damages.

Defendant has appealed.

*Brown & Driver,* for appellant.

1. Upon failure to erect the depot according to the contract, appellee's recovery should be limited to nominal damages only. The measure of the damages would be the loss in value of the property adjoining the depot location, and it would be necessary that some such loss was sustained. 24 Am. & Eng. R. Cas. 641; 26 *Id.* 591; 74 Pa. St. 208.

2. The sum stipulated in the contract was a penalty, and only actual damages should have been recovered. 20 U. S. 198; 95 Mass. 19; 93 Mass. 132; 16 N. Y. 275; 5 Metc. 61; 85 N. Y. 258; 108 U. S. 336; Story, Eq. Jur. § 1314; 2 Sedg. Dam. (7 Ed.), 250 and note; 1 Ball. & B. 367. See also 14 Me. 250; 11 Am. & Eng. R. Cas. 379.

*W. J. Lamb,* for appellee.

Appellant having failed to comply with its contract both in failing to erect the depot at the location agreed upon within the time specified, and in failing to transact the usual business of a depot at the one it did erect, but at another, far removed, appellee was entitled to recover the amount stipulated in the contract for such failure, as liquidated damages. 75 Ark. 89; 57 Ark. 168; 56 Tex. 594; 27 Sup. Ct. Rep. (adv. sheets), 450; 183 U. S. 642.

WOOD, J. We are of the opinion that the amount specified in the contract to be paid in case of its breach was liquidated damages, and not a penalty. *Nilson* v. *Jonesboro,* 57 Ark. 168. The ruling of the court on the instruction given and the requests refused was correct. Even if time was not of the essence of the contract so far as the building of the depot house was concerned, still the appellee would be entitled to recover the amount stipulated here. For appellant not only violated its contract in failing to erect the depot building in time, but it also "failed to transact its business usually transacted in its depot for the town of Barfield," at the depot after it erected same on appellee's land. A very large per cent. of the appellant's railroad business usually transacted at its depot was done at another depot, far removed from the depot contemplated by the contract. The presumption, until the contrary be proved, is that this condition will continue. There is no proof or even intimation in the record that this condition of affairs will not continue.

Appellee was clearly entitled to the damages stipulated for this breach. It was of a kind uncertain of ascertainment, and difficult to prove. See *Westbay* v. *Terry, ante* p. 144, and authorities there cited. Also *Sun Printing and Publishing Association* v. *Moore,* 183 U. S. 642; *United States* v. *Bethlehem Steel Co.,* 27 Sup. Ct. Rep. 450.

The allegations of the complaint and answer are sufficient to raise this issue. But, if not, the proof was directed to it without objection.

Judgment affirmed.